UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
                                    :
          v.                        :     NO. 3:06CR161 (EBB)
                                    :
PAUL GALIETTI,                      :
                                    :
          Defendant.                :
------------------------------------X

RULING ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS [Doc. No. 600]

Defendant Paul Galietti is charged in a multi-defendant, multi-count indictment with two counts of misuse of a computer in violation of 18 U.S.C. §§ 1030(a)(c)(2) and (c)(2)(B)(ii). It is alleged that on two occasions, Galietti, a Connecticut State Trooper, made unauthorized use of a police computer "in furtherance of a criminal act in violation of the constitution or laws of the United States or of any State, that is Connecticut." (Superseding Indictment ¶¶ 111-12.) Galietti now moves, pursuant to Federal Rule of Criminal Procedure 7(f), for a bill of particulars. Specifically, Galietti asks the Court to order the government to disclose, in a bill of particulars, information identifying the crime in furtherance of which he allegedly misused a computer.

"A bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" United States v.

1

Walsh, 194 F.3d 37, 47 (2d Cir. 1999)(quoting United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990)). Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (citing Wong Tai v. United States, 273 U.S. 77, 82 (1927)). "Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." Bortnovsky, 820 F.2d at 574 (citing United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) and United States v. Soc'y of Indep. Gasoline Marketers, 624 F.2d 461, 466 (4th Cir. 1979), cert. denied, 449 U.S. 1078 (1981)).

In this case, the government has made sufficient disclosures, in the indictment and in other documents, regarding the crimes with which it has charged Galietti. In opposition to a motion for severance filed by Galietti, the government submitted a memorandum setting out many of the alleged facts surrounding Galietti's alleged misuse of a computer. (See Government's Objection to Severance Motion, Doc. No. 1172.) This memorandum explains in detail the government's contention that Galietti used his computer to access the National Crime Information Center database in order

2

to provide information to assist his codefendants' alleged racketeering enterprise. The goal of the enterprise was allegedly to establish and enforce an unlawful "property rights" system which the defendants allegedly used to control the market for carting services. (Superseding Indictment ¶ 3-11.) The government claims that Galietti used his police computer to obtain vehicle registration information concerning the owners of carting companies that were not complying with the enterprise's property rights system, and that he gave this information to his cousin, codefendant Richard Galietti. (Government's Objection to Severance Motion at 3-7.) The government has stated that it is able to prove these allegations with wiretap evidence and with evidence of conversations observed by an undercover agent. (Id.) The government also claims that it is able to present evidence that Galietti was aware of many of the criminal acts of his codefendants. (Id.)

Even if Galietti were correct that the indictment fails to advise him of the acts of which he is accused with sufficient specificity, the additional information provided in the government's memorandum is more than sufficient to obviate any need for the court to order a bill of particulars. "[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." United States v. Walsh, 194 F.3d 37, 47 (2d Cir.

3

1999) (citing United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (upholding trial court's denial of motion for bill of particulars where defendant had been informed in considerable detail of the details of charges against him during discovery); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (holding that a bill of particulars was not required in part because "the government distilled its case even further in the course of the prolonged oral argument with respect to" defendant's motion.) The Court notes that the information provided in the indictment and the memorandum in opposition to severance is fully responsive to the five questions posed in Galietti's motion for a bill of particulars. (See Def.'s Motion for a Bill of Particulars at 1-2.)

Moreover, the government points out that it has maintained an "open file" in this case, meaning it has a policy of providing defendants with full access to its evidence. (Government's Objection to Motion for Bill of Particulars at 1.) The government claims that it has already provided Galietti with large quantities of discovery material. (Id.)

Collectively, the disclosures in the indictment, in the government's aforementioned memorandum in opposition to severance, and any other discovery provided to Galietti are sufficient to satisfy the requirements of Rule 7. Galietti has therefore been provided with information of sufficient specificity to allow him to

prepare for trial and to avoid surprise at trial.

Defendant Galietti's motion for a bill of particulars [Doc. No. 600] is DENIED.

SO ORDERED

___/s/_____
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 30th day of November, 2007.